MUTUAL BANKERS COMPANY, a Delaware Corporation, v. B. W. TERRELL.

178 So. 399.
Division A.
Opinion Filed January 8, 1938.
Rehearing Denied February 5, 1938.

*Ralph C. Binford* and *C. M. Bourland,* for Appellant;
*Tom J. Landrum* and *John R. Parkhill,* for Appellee.

PER CURIAM.—The appeal in this case is from the entry of a temporary restraining order and order denying motion of defendant to dismiss the bill of complaint as amended, which order was in the following language:

"This cause coming on to be heard upon motion of the solicitors for B. W. Terrell, the plaintiff, for an order restraining the defendant, Mutual Bankers Company, from making any sale, transfer or encumbrance on or in anywise disposing of certain Whiskey Warehouse Receipts now in their possession, to-wit, receipts No. 15300 and No. 15301, respectively, and bearing whiskey barrel Serial Nos. 46566, 46567, 46568, 46569, 46570, 46571, 46572, 46573, 46574 and 46575, respectively, until further order of the court; and motion of the defendant to dismiss the bill of complaint filed herein, and the court having read the affidavit of the plaintiff and the bill of complaint filed herein and having

heard the arguments of counsel and being fully advised in the premises, it is hereby

"ORDERED, ADJUDGED AND DECREED that the said motion to dismiss the bill of complaint be and the same is hereby denied.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said defendant be and the Mutual Bankers Company is hereby restrained and enjoined from making any sale, transfer or encumbrance on or in anywise disposing of any of the above mentioned Whiskey Warehouse Receipts until further order of this court, upon the said plaintiff filing a bond with surety in the sum of $500.00 indemnifying the said defendant against any loss or damage caused by the issuing of this order and as required by the rules and practice of this court.

"DATED at Tampa, Florida, this 21st day of May, A. D. 1937."

The order itself shows what was involved in the suit.

The purpose of the amended bill of complaint was to enjoin a sale of collateral security threatened by notice, as follows:

"B. W. TERRELL OF SARASOTA, FLORIDA, AND TO ANY AND ALL OTHER PERSONS WHOM IT MAY CONCERN:

"You are hereby given notice that the Mutual Bankers Company will, on the 22nd day of May, A. D. 1937, at the hour of 10:00 o'clock A. M., at Room 908, Wallace S Bldg., 608 Tampa Street, Tampa, Hillsborough County, Florida, offer for sale and sell at public auction, Warehouse Receipt No. 15300, dated November 13, 1935, issued by John A. Wathen Distilling Company, for five (5) barrels of Wathen's Kentucky Bourbon Whiskey, Barrel Serial Nos. 46566, 46567, 46568, 46569 and 46570, also Warehouse Receipt No. 15301, dated November 13, 1935, issued by John A. Wathen Distilling Company, for five (5) barrels

of Wathen's Kentucky Bourbon Whiskey, Barrel Serial Nos. 46571, 46572, 46573, 46574 and 46575, which said Warehouse Receipts are held by the Mutual Bankers Company as collateral for the payment of that certain note, executed by B. W. Terrell on November 28, 1935, in the sum of SEVEN HUNDRED NINETY-FIVE ($795.00) DOLLARS, payable in six months after date, in which said note the above described Warehouse Receipts are described, and a lien given thereon against the above described Warehouse Receipts, unless said note, together with interest thereon at the rate of 8% is paid from June 27, 1936, to date, on or before 10:00 o'clock A. M., May 22, 1937.

"The sums received from the sale of said above mentioned Warehouse Receipts will be applied against the cost of collection on said note and delivery of said property, including attorney's fee, and on the principal and interest of said note, and if there be a surplus over and above said cost, expenses, principal and interest on said note, it will be paid over to you, or if there is a deficit remaining from the sale of said Warehouse Receipts, then you will be held liable for said deficit.

> "Respectfully yours,
> "C. M. BOURLAND,
> "Attorney for Mutual Bankers Co."

Unless the appellee is entitled to relief under the amended paragraph of the bill of complaint, which reads as follows:

"The aforesaid sales of the Bonded Warehouse Receipts were all made in violation of the Florida Uniform Sale of Securities Act, because such Receipts are securities within the meaning of such Act, and have never been registered under such Act. The plaintiff further represents that there is now pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, a

suit at law wherein B. W. Terrell, the plaintiff herein, is plaintiff and Mutual Bankers Company, the defendant herein, and William H. Wright, salesman and agent for Mutual Bankers Company, are defendants. Said suit is brought for the purpose of invoking the provisions of the Florida Uniform Sale of Securities Act which entitles the plaintiff in the suit at law and the plaintiff herein to set aside the transactions hereinbefore mentioned and demand full reimbursement, with interest and reasonable attorneys' fees, from the defendants in the suit at law of all moneys paid upon said transactions hereinbefore mentioned," the bill is without equity.

We will, therefore, discuss the allegations of this amended paragraph of the bill.

It will be noted that the allegations of this paragraph asserts that "Sales of the bonded Warehouse Receipts were all made in violation of the Florida Uniform Sale of Securities Act because such Receipts are Securities within the meaning of the Act." Then follows the allegation that this suit is brought for the purpose of invoking the provisions of the Florida Uniform Sale of Securities Act. The Act referred to originated as Chapter 14899, Acts of 1931, was amended by Chapter 16174, Acts of 1933, and amended again by Chapter 17253, Acts of 1935.

The appellee has cited no authority for the stated conclusion that the bonded warehouse certificates constitute securities within the purview of those legislative Acts. Such bonded warehouse certificates as are here involved constitute evidence of title to personal property, in this case the title to whiskey contained in certain numbered barrels stored in the bonded warehouse issuing such certificates. The title to the whiskey is transferred by the assignment and transfer of the certificate and that assignment transfers

the title to no whiskey except that which is in the container identified by the number thereof in the certificate.

It, therefore, follows that the transaction by which the complainant in the court below acquired the bonded warehouse certificates referred to was not in violation of the statutes above cited and was not void or voidable because of the provisions of those statutes.

It is contended here that no harmful result could flow to the defendant in the court below by reason of the entry of the temporary restraining order. This may be true and if the bill of complaint was grounded upon any right to equitable relief upon final determination we should hold the granting of temporary restraining order not to be error, but the bill of complaint contains no allegation which would warrant the granting of any relief on final hearing to the complainant. Therefore, the motion to dismiss the bill of complaint should have been granted.

The order appealed from is reversed and the cause remanded with directions that the bill of complaint be dismissed.

So ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.